Dear Mr. Lacour:
On behalf of the East Jefferson Levee District, you have requested an opinion of this office regarding whether the Levee District can provide certain insurance benefits to the Levee District's group of volunteer reserve police officers. Specifically, you are interested in determining whether the provision of insurance to the volunteer officers will violate La. Const. Art. VII, Sec. 14, which generally prohibits the loan, pledge or donation "to or for any person, association, or corporation, public or private" of the "funds, credit, property, or things of value" of the state or any of its political subdivisions.
You have advised that the Levee District currently has 36 volunteer officers who assist the regular officers in carrying out their duties. According to your correspondence, these volunteer officers provide 14 1/2% of the total patrol hours performed by the Levee District's Police.
The Board of Commissioners of the Levee District is considering providing each volunteer officer with a $10,000 accidental death and dismemberment insurance policy and a $25,000 accidental medical insurance policy, which will cost the Levee District $60 per volunteer per year. You advise that the Board believes the services provided by these volunteers are ample consideration for the proposed insurance coverage. The Board further believes that the proposed coverage is moderate, as well as economical in view of the service rendered by each volunteer.
Previous opinions rendered by this office, pertaining to volunteer firemen and volunteer police officers, are pertinent to your request.
Atty. Gen. Op. 78-236 recognized the legality of police jury contributions to volunteer fire departments as not being violative of Art. VII, Sec. 14, and determined that such contributions are in actuality payments for fire protection services rendered by the volunteer fire departments. Atty. Gen. Ops. Nos. 92-469 and 91-162 determined that volunteer fire departments could legally establish a pension plan for volunteer firemen which could include group health and accident insurance.
Of particular pertinence is Atty. Gen. Op. No. 83-49-A, which determined that auxiliary municipal and parochial police officers are entitled to payment of special witness fees. That opinion states, in pertinent part:
 "Auxiliary police officers provide a valuable service to their police forces and to their parishes and municipalities. Enforcement of the law and apprehension of criminals must receive diligent attention to maintain an ordered society. Unfortunately, due to financial constraints and personnel shortages, it is rare that any municipal body has a sufficient number of full-time police officers to meet its law enforcement needs . . . volunteer auxiliary police officers admirably meet a recognized need in extending the capability of a police force. Their training, bond, duties, and responsibilities are the same and take the same risks as regular officers. They are held accountable in the same manner as regular police officers.
 "The interests of society are furthered by their service, and it is in the best interest of society that such civic service be encouraged. Sound public policy would indicate, then, that mechanisms encouraging such selfless assistance in advancing society's goals be rewarded . . .
 "Therefore, it is the opinion of this office that since auxiliary officers are commissioned law enforcement officers, with assigned hours, duties, and responsibilities, and in order to further society's goal of encouraging volunteer law enforcement activity, auxiliary police officers are entitled to the special witness fee as provided in R.S. 15:255."
In accordance with the Attorney General's opinions cited herein, it is the opinion of this office that Levee District can provide the insurance benefits you have described to the Levee District's group of volunteer reserve police officers, and that the provision of the insurance will not violate La. Const. Art. VII, Sec. 14.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
Date Received: December 30, 1997 Date Released:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL